IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT SAYRES      PLAINTIFF

v.      Civil No. 05-3063

JACK HUTSON; Investigator,
Boone County Sheriff's Office;
JOHN PUTMAN, Circuit Judge,
Boone County; DANNY HICKMAN,
Sheriff, Boone County;
DAVE MUNIZ, Chief of Police,
Berryville Police Department; and
JIM CAMBELL, Bondsman      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Robert Sayres, an inmate in the Arkansas Department of Correction, Delta Regional Unit, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was initially filed in the Eastern District of Arkansas and transferred to this court. The file was received on November 23, 2005 (Doc. 4). Sayres' motion to proceed in forma pauperis (IFP) was granted (Doc. 7) and it is now determined whether it should be served upon the defendants.

On December 28, 2005, an order was entered directing the plaintiff to complete, sign, and return an attached questionnaire that would be filed as an addendum to his complaint (Doc. 9). The addendum was filed on January 18, 2006 (Doc. 12). He also filed two supplements (Doc. 13 & Doc. 14).

**I. Background**

In the complaint, Sayres alleges that he is the victim of police entrapment. He states he have been falsely imprisoned and has enemies in law enforcement. He indicates he is now being

-1-

held by the Judge and Officer Hutson on a no bond hold even though they know he did not shoot his mother's ex-husband.

Sayres is currently serving a term of imprisonment in the Arkansas Department of Correction for being a felon-in-possession of a firearm, possession of a forgery device, and forgery. *Addendum* at ¶ 3. Sayres indicates he has been continuously incarcerated since November 16, 2004. *Id.* at ¶ 2. He states he was convicted of the crimes he is currently serving a term of incarceration for on April 15, 2005. *Id.* at ¶ 5.

Sayres was asked to explain the no bond hold. He indicates the no bond hold was placed on him in the county jail on February 17, 2005. *Addendum* at ¶ 2. Sayres alleges Judge Putman put the hold on Sayres so he would not go back to Odessa, Texas, with his wife. *Id*. Sayres maintains this was done so they could get more evidence against him on a forgery charge. *Id*. He indicates the hold forced him to plead out when he really should have stayed out on bond and had a jury trial. *Id.*

Sayres also maintains Jack Hutson has had a hold placed on him for shooting his mother's ex-husband. Sayres was asked to explain this. Sayres indicates the shooting took pace on August 15, 2004, in Harrison, Arkansas, at his home. *Addendum* at ¶ 4. Sayres indicates he and his wife called the sheriff's department for protection and were instead victimized. *Id*. Sayres indicates Hutson was called to the home after his mother's ex-husband, Dale Sayres, and Daniel Sayres, Sayres' brother, came to Sayres' home after him and his Uncle Vance with a gun. *Id.* at ¶4 & ¶ 5. Sayres fled and was charged the next day because he ran. *Id.* at ¶ 4. Sayres indicates both he and Vance ran because Dale Sayres had a gun. *Id*. Sayres indicates he turned himself in on August 16, 2004. *Id.*

AO72A
(Rev. 8/82)

The charge related to the shooting was dismissed. *Addendum* at ¶ 4. However, Sayres states the following week he was charged with being a felon in possession of a firearm. *Id.* Sayres states he told Hutson the charge would be dismissed because law enforcement had always allowed him to carry a gun despite his felony conviction but Hutson merely replied that it was the prosecutor's office that filed the charge. *Id.* at ¶ 4 & ¶ 5. Sayres indicates Dale Sayres has been stalking Sayres' mother for years and threatening to kill her. *Id.* at ¶ 5. This is the reason the police allowed him to keep a gun. *Id.* Sayres also maintains Hutson searched his house. *Id.* at ¶ 4.

One of the charges Hutson brought against Sayres was dismissed on April 15, 2005. *Addendum* at ¶ 5. Sayres indicates this is the reason he is requesting a jury trial so that he can establish the misconduct of the officers and the judge and how it has resulted in him serving time in jail. *Id.*

Sayres maintains the felon in possession charge should not have been brought against him. *Addendum* at ¶ 5. Instead, he states his brother and stepfather should have been charged with having a gun at his house, trespassing, and assault and battery. *Id.*

Sayres asserts Dave Muniz did nothing when his officer, Shannon Pearson, allowed Stacy Phillips, Sayres' ex-girlfriend, to make up a charges that Sayres had harassed her in 2000 and 2001. *Addendum* at ¶ 8. At the time, Sayres was on parole. *Id.* Sayres indicates he was sent back to prison despite the fact that he broke no law. *Id.* Sayres maintains he also told Chief Muniz that Dale Sayres was threatening Sayres' life and Muniz stated he would protect Sayres. *Id.*

AO72A
(Rev. 8/82)

Sayres indicated Judge John Putman was the Circuit Judge assigned to his criminal case and placed a no hold bond on Sayres on February 17, 2005. *Addendum* at ¶ 6. Sayres alleges his attorney managed to get the case assigned to a different judge and got a bond set. *Id.* Sayres alleges Judge Putman sent a girl named Dana out to search Sayres' house while he was at work. *Id.* When Sayres asked to withdraw his plea, Judge Putman refused his request. *Id.*

Sayres also maintains Judge Putman had Sayres' bondsman, Jim Cambell, revoke Sayres' bonds on the day he called the bondsman from Texas. *Addendum* at ¶ 9. The bonds were for the crimes of first degree battery, non-payment of child support, and forgery. *Id.* The bonds had been posted on August 16, 2004, and October 26, 2004. *Id.*

Sayres believed the bonds allowed him to leave the State of Arkansas as long as he called the bondsman. *Addendum* at ¶ 9. Sayres indicates he called the bondsman on November 19, 2004, from Texas and informed him that Sayres was going to Texas to get his wife. *Id.* Sayres was arrested in Texas and put in jail. *Id.* He was transported back to Arkansas on February 15, 2005. *Id.*

As a result of his bond being revoked, Sayres lost vehicles he had pledged as collateral. *Addendum* at ¶ 10. He maintains it cost him thousands of dollars when his bonds were revoked at the request of Jack Hutson and Judge Putman. *Id.*

Sayres contends Sheriff Danny Hickman has: let his officers take unfair advantage of Sayres and allowed Dana to search his home twice; had Sayres transferred to prison while he was attempting to withdraw his plea; forced Hutson to leave his job for misconduct; allowed his office to attempt to fabricate battery charges against Sayres; allowed Hutson to try to get inmates to write statements against Sayres in return for trustee jobs and reduced sentences; allowed

AO72A
(Rev. 8/82)

Sayres to be held on a no bond hold; allowed Hutson to repeatedly go to Sayres' mother's and to tell Sayres' wife to go back to Texas and get a divorce; refused to file charges against Dale Sayres and Daniel Sayres; and failed to respond to calls for assistance from Sayres regarding crimes being committee against him. *Addendum* at ¶ 7.

## II. Discussion

Sayres' claims are subject to dismissal. First, some of his claims are barred by the statute of limitations as they are based on events that occurred more than three years before the filing of this complaint. *See e.g.,* Doc. 14 (In 2001 Sayres alleges he served a six month term of imprisonment for a parole violation despite the fact that no law had been broken). Section 1983 actions are characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on November 9, 2005. Thus, any claims based on events that occurred more than three years prior to that date are barred.

Second, Sayres' false imprisonment claim is barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

AO72A
(Rev. 8/82)

issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Sayres' conviction has not been reversed, expunged, or declared invalid. His false imprisonment claim is therefore barred by *Heck*.

Third, to the extent Sayres is attempting to assert a malicious prosecution claim it fails. The Court of Appeals for the Eighth Circuit "has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

Fourth, to the extent Sayres asserts a false arrest claim it fails as a matter of law. A false arrest claim does not lie where there is probable cause to make an arrest. *Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir. 1999). In his complaint, addendum, and supplements, Sayres does not deny he was a felon in possession and therefore guilty of the crime for which he was arrested. Instead, he merely asserts that he should not have been charged because various law enforcement officers knew he had weapons and allowed him to keep the weapons despite his conviction.

Fifth, to the extent Sayres contends he was the target of "selective prosecution" his claim fails. In general, to prevail on a claim of selective enforcement or prosecution in violation of the Equal Protection Clause, a plaintiff must prove: (1) he has been singled out for prosecution although others similarly situated have not been prosecuted for similar conduct; and (2) the defendant's action in singling the plaintiff out was based on an impermissible motive such as race, or religion. *See e.g., United States v. Hintzman*, 806 F.2d 840, 842 (8th Cir. 1986). *See also Marshall v. Columbia Lea Reg. Hosp.*, 345 F.3d 1157, 1167-68 (10th Cir. 2003)(analogizing § 1983 equal protection claims to selective enforcement claims in the criminal context).

Sixth, to the extent Sayres asserts a claim of vindictive prosecution the claim fails. Vindictive prosecution violates Due Process. It is a prosecution to deter or punish the exercise of

a constitutionally protected right. *See e.g. United States v. Wade*, 266 F.3d 574, 585 (6th Cir. 2001). To establish vindictive prosecution, the plaintiff must show: (1) exercise of some protected right; (2) the prosecutor's or official's stake in deterring the plaintiff's exercise of his constitutional rights; and (3) that the prosecutor's or official's conduct was unreasonable. *Id.* (citations omitted).

Assuming vindictive prosecution applies to the issuance of warrants or to the filing of criminal complaints or indictments, Sayres has not alleged that any of the named defendants took these actions to deter or punish Sayres' exercise of a constitutionally protected right. Instead, he merely contends he was used in connection with other criminal cases and then betrayed.

Seventh, to the extent Sayres' claims are based on the refusal of Sheriff Hickman, Investigator Hutson, or Chief Muniz to bring criminal charges against other individual including Dale Sayres, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Eighth, Sayres' claims against Jim Cambell are subject to dismissal. In general, private citizens do not act under color of state law for purposes of § 1983. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). While private parties who conspire with state actors may be held liable under § 1983, *see e.g., Sanders v. Sears, Roebuck & Company*, 984 F.2d 972, 975 (8th Cir. 1993); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983), Sayres has not alleged the existence of a conspiracy between Cambell and the other defendants. Instead, Sayres alleges he called Cambell

AO72A
(Rev. 8/82)

to let him know Sayres was leaving the State of Arkansas, Cambell advised the court, and then traveled to Texas to pick Sayres up. A bondsman is not a state actor where he neither purports to act pursuant to a warrant nor enlists the assistance of law enforcement officers in enforcing a warrant or in apprehending his principal. *Landry v. A-Able Bonding,* Inc., 75 F.3d 200 (5th Cir. 1996); *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1261 (M.D. Fla. 2004)(Bail bondsmen who work with their principals without any assistance from law enforcement officials are consistently found not to be state actors.). Instead, "[a]s a general matter, bondsmen are private citizens who interact with the state in the course of pursuing their private interests. Their conduct is therefore not attributable to the state." *Dean v. Olibas*, 129 F.3d 1001, 1005 n. 1 (8th Cir. 1997).

Finally, Judge Putman is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court*

AO72A
(Rev. 8/82)

*of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Sayres does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Sayres seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir.

AO72A
(Rev. 8/82)

1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate); *Hawthone v. Langley*, 2001 WL 333057 (Ark. Apr. 5, 2001)(recognizing the circuit court has authority to direct its clerk to perform duties pertaining to a case filed in that court).

### III. Conclusion

I therefore recommend Sayres' claims be dismissed on the grounds that the claims are barred by the statute of limitations, are frivolous, and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Sayres has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sayres is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of February 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)