```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

**ROBERT SAYRES**                                           PLAINTIFF

   **v.**   Civil No. 05-3063

**JACK HUTSON, Investigator,**
**Boone County Sheriff's Office;**
**JOHN PUTMAN, Circuit Judge,**
**Boone County; DANNY HICKMAN,**
**Sheriff, Boone County;**
**DAVE MUNIZ, Chief of Police,**
**Berryville Police Department;**
**and JIM CAMPBELL, Bondsman**                              DEFENDANTS

### O R D E R

Now on this 19th day of May, 2006, comes on for consideration the following:

*  **Report And Recommendation Of The Magistrate Judge** (document #15);

*  plaintiff's **Motion To Dismiss Defendants** (document #21);

*  plaintiff's **Motion To "Appeal" Of Report And Recommendations** (document #22)(docketed as Objections To Report And Recommendation);

*  plaintiff's **Motion For Hearing** (document #23);

*  plaintiff's **Motion To Add Defendants** (document #24);

*  an untitled document by plaintiff (document #25)(docketed as Objections To Report And Recommendation); and

*  a document entitled **Statement Of Witness** (document

#26)(docketed as Supplement To Objections), and from said documents, the Court finds and orders as follows:

    1. Plaintiff is serving time in the Arkansas Department of Correction for being a felon in possession of a firearm and for possession of a forgery device. He alleges that his situation is the result of police entrapment and false arrest, and that the conduct of the defendants in reference to these charges has violated his civil rights. He prays to be released from imprisonment, and for compensatory damages in the form of money and property he lost on bail bonds.

    Plaintiff's claims were reviewed by the Magistrate Judge, who prepared the Report And Recommendation ("R&R") now under consideration.

    2. The R&R recommends that claims older than three years be dismissed, based on the three-year statute of limitations applicable in Arkansas. Plaintiff concedes this point, and in fact moves to dismiss his claims against defendants Hickman and Muniz. That motion will be granted.

    3. The R&R recommends that plaintiff's false imprisonment claim be dismissed, because under **Heck v. Humphrey**, **512 U.S. 477 (1994)**, such a claim is not cognizable until the underlying conviction or sentence is reversed, expunged, invalidated, or called into question on a writ of habeas corpus. None of these circumstances exists in plaintiff's case, and the Court agrees that, to the extent plaintiff bases his claims on the validity of his conviction(s) or sentence(s), **Heck** bars them.

4.   The R&R next recommends that, to the extent plaintiff is asserting a malicious prosecution claim, it be dismissed on the strength of **Kurtz v. City of Shrewsbury**, **245 F.3d 753 (8th Cir. 2001),** which holds that malicious prosecution does not constitute a constitutional injury.  The Court agrees.

5.   The R&R also recommends that plaintiff's false arrest claim be dismissed because there was probable cause to arrest him on a charge of felon in possession of a firearm, on the basis of his own admission that he was a felon and had a weapon.  See **Anderson v. Franklin County, Missouri**, **192 F.3d 1125 (8th Cir. 1999).**

Plaintiff objects that he had been pardoned by the Governor on December 1, 2000, and therefore the 2004 felon in possession charge - and related arrest - were based on the false premise that he was a felon.  He does not, however, establish what the 2000 pardon covered, and whether it cleared him of all felony convictions up to the date when he was charged with being a felon in possession of a weapon.  (Plaintiff asserts in his Complaint that he has been in prison "over and over.")

The Court also notes that if plaintiff was not a felon (having been fully pardoned) at the time of his arrest on the felon in possession of a weapon charge, that fact would have been simple to prove at trial.  If plaintiff had been unsuccessful in securing his freedom at that point, he could have pursued the matter on appeal.  The false arrest claim thus implicates the

validity of plaintiff's underlying conviction on the felon in possession of a weapon charge, and is barred by **Heck** ("when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

For these reasons, the Court will overrule plaintiff's objections to the R&R on the issue of false arrest.

6. The R&R recommends that plaintiff's claims of selective prosecution be dismissed, because he has failed to show that others, similarly situated, were not prosecuted, or that his prosecution was based on an impermissible motive such as race, religion, or the exercise of constitutional rights. **United States v. Hintzman**, **806 F.2d 840 (8th Cir. 1986)**.

Defendant objects that two men, his mother's ex-husband and his brother - both of whom were felons - came to his home on August 15, 2004, with a gun. Plaintiff also had a gun. There was a shooting, and this eventually led to the felon in possession of a weapon charge, but according to plaintiff, the charge was levied only against him, not against the other two alleged felons in possession.

While this objection addresses the issue of whether those not prosecuted were similarly situated, it does not address the issue

-4-

of whether there was an impermissible motive for the prosecution. Plaintiff assigns motives, as well as responsibility, for his misfortunes to various parties, but no such motives are assigned to the prosecutor who decided to press the felon in possession charges against plaintiff but not against his mother's former husband and his brother. He thus fails to properly allege a basis for a selective prosecution claim, and his objections on this issue will be overruled.

7. The R&R recommends that plaintiff's claim of vindictive prosecution also be dismissed, because plaintiff cannot show that he was exercising a constitutionally protected right, that any defendant had a stake in deterring his exercise of that right, and that the defendant's conduct in that regard was unreasonable, citing **United States v. Wade**, 266 F.3d 574 (6th Cir. 2001).

While vindictive prosecution is, as shown by the name of the offense, related to the conduct of a prosecutor, plaintiff objects that Judge Putman was involved because he signed a warrant to search plaintiff's home, after plaintiff had called the Boone County Sheriff's Office to report that someone was copying money on a machine at his home. Plaintiff asserts that this action violated his Fourth and Eighth Amendment rights.

Even assuming that the conduct of a judicial officer could be a form of prosecutorial misconduct, the Court does not find the mere allegation that a constitutional right was violated sufficient to establish that an action was taken because of any exercise of constitutional rights by plaintiff. Nor can it

reasonably be said that the execution of a search warrant upon a report of criminal activity is a constitutional offense.

Plaintiff also objects that his bondsman, Campbell, and Judge Putman had a personal stake in the matter, that of forcing him to lose his trucks, which were pledged as collateral for the bonds. The Court is not persuaded that any personal stake is shown. Plaintiff admits he was out of jail on bond for not one but three criminal charges; that he left the state to go to Odessa, Texas (where he apparently intended to stay); and that Campbell requested that Judge Putman revoke the bonds when Campbell learned that plaintiff had left the state. Taking legal action when a criminal defendant violates the conditions of his bond does not amount to having a personal stake in the matter, no matter how reasonable the violation of the conditions of the bond may seem to the violator.

For the foregoing reasons, plaintiff's objections to this claim will be overruled.

8. The R&R also recommends that plaintiff's claims against defendant Campbell be dismissed, as Campbell is not a government official. Private citizens do not act under color of law for purposes of **§1983**, and there is no allegation that Campbell conspired with the other defendants, which might support a **§1983** action. **Dossett v. First State Bank**, 399 F.3d 940 (8th Cir. 2005).

Plaintiff objects that Campbell did conspire with Judge

Putman, because they called one another with regard to his jumping bond and the revocation of his bonds.  As noted above, the conduct of Campbell and Putman with regard to the bond-jumping issue was a legitimate reaction to the situation.  A conspiracy allegation sufficient to support a **§1983** claim requires an allegation that two people schemed to violate the plaintiff's constitutional rights.  This objection will, therefore, be overruled.

    9.   Finally, the R&R recommends dismissal of plaintiff's claims against Circuit Judge John Putman, on the basis of judicial immunity. Plaintiff objects that the conduct he complains of on the part of Judge Putman (denying him bond) is a non-judicial act because there was "no court proceeding" involved.  He also claims that he is suing Putman in his personal, rather than his official, capacity.  This objection has no merit.  A proceeding can be a judicial act even though not done in open court, and the decision to grant or deny bond is a judicial act.

    10.  To the extent that plaintiff's **Motion To "Appeal" Of Report And Recommendations** (document #22) is intended to constitute a notice of appeal, it is premature.  The R&R is not an appealable order, but rather a recommendation to this Court as to the nature of the order it should enter with regard to plaintiff's claims.  That motion will, therefore, be denied.

    11.  Plaintiff's **Motion For Hearing** will likewise be denied.  Given the disposition of the issues, there is no need for the Court to conduct a hearing in this matter.

12. Plaintiff's **Motion To Add Defendants** seeks to add a bail bonding company as another defendant. This motion will be denied, as such an amendment would be futile, for the same reason that plaintiff's claims against defendant Campbell are subject to dismissal.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*, and plaintiff's objections thereto are overruled.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To "Appeal" Of Report And Recommendations** (document #22) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Hearing** (document #23) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Add Defendants** (document #24) is **denied**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, plaintiff's claims are hereby **dismissed**.

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**